UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RICHARD J. HELLER,

Plaintiff,

-v.-                                                          3: 05-CV-1581
                                                               (TJM)(DEP)

CONSOLIDATED RAIL CORPORATION; UNITED
TRANSPORTATION UNION; CSX TRANSPORTATION;
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION;
and NORFOLK SOUTHERN CORPORATION,

Defendants.

APPEARANCES:

RICHARD J. HELLER
Plaintiff, *pro se*

THOMAS J. MCAVOY, Senior United States District Judge

**DECISION and ORDER**

The Clerk has sent to the Court for review a *pro se* complaint submitted for filing by

plaintiff Richard J. Heller. Dkt. No. 1. Plaintiff indicates that the complaint is filed pursuant to

Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended and codified at 42 U.S.C. §

2000e *et seq*.; the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, as

amended; and  the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Dkt.

No. 1. Plaintiff has also submitted an *in forma pauperis* application. Dkt. No. 2.

In his *pro se* complaint, plaintiff alleges, *inter alia*, that after being injured in the course of

employment, he was denied the opportunity to return to his job and denied reasonable

accommodation for his disability. Plaintiff also claims that the United Transportation Union failed

to protect plaintiff's rights and in fact conspired with the other defendants to deny plaintiff

employment and benefits to which plaintiff was entitled. Dkt. No. 1 at 7-14. For a more complete

statement of plaintiff's claims, reference is made to the entire complaint.  Plaintiff has provided the

Court with a copy of the right to sue letter issued by the Equal Employment Opportunity

Commission ("EEOC") regarding the above allegations of discrimination.  Dkt. No. 1, Exhibit 1.

Plaintiff alleges that he received the right to sue letter on September 21, 2005.  Dkt. No. 1 at 1.

Plaintiff has named the EEOC as a defendant.  Plaintiff does not allege that he was

employed by the EEOC; plaintiff merely claims that the EEOC conspired with the other defendants

to deprive plaintiff of his statutory rights.  Dkt. No. 1 at 11.  Plaintiff's claim for monetary damages

against the EEOC is barred by sovereign immunity.  *See Clissuras v. Equal Employment*

*Opportunity Commission*, No. 89 CIV. 5869, 1990 WL 96754, at *4 (S.D.N.Y. Jul. 5, 1990) (claims

for money damages against the EEOC are barred by sovereign immunity); *see also Stone v. NYC*

*Transit*, No. 04-CV-4141, 2005 WL 1593524, at *1 (S.D.N.Y. Jul. 7, 2005) (in employment

discrimination cases, sovereign immunity of the United States and its agencies is only waived if the

United States or the agency is the employer or prospective employer).  Accordingly, the U.S. Equal

Employment Opportunity Commission is dismissed as a defendant.

Turning to plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that the

plaintiff may proceed with this matter *in forma pauperis*.

**WHEREFORE**, it is hereby

**ORDERED**, that the U.S. Equal Employment Opportunity Commission is **dismissed** as a

defendant to this action, and it is further

**ORDERED**, that plaintiff's *in forma pauperis* application (Dkt. No. 2) is **GRANTED**.[1]  The

---

[1] The Court notes that although Plaintiff's Application to Proceed *In Forma Pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in the future regarding this action, including but not limited to copying and/or witness fees.

Clerk shall issue summonses and forward them, along with copies of the complaint and packets

containing General Order 25, which sets forth the Civil Case Management Plan used by the

Northern District of New York, to the United States Marshal for service upon the named defendants,

and it is further

      **ORDERED**, that the Clerk is directed to schedule a Rule 16 conference before the assigned

magistrate judge, and it is further

      **ORDERED**, that a formal response to plaintiff's complaint be filed by the defendants or

their counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of

process on the defendants, and it is further

      **ORDERED**, that any paper sent by a party to the Court or the Clerk shall be accompanied

by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties

or their counsel.  Any letter or other document received by the Clerk or the Court which does not

include a certificate of service which clearly states that an identical copy was served upon all

opposing parties or their attorneys is to be returned, without processing, by the Clerk, to the party

that sent it.  Plaintiff shall also comply with any requests by the Clerk's Office for any documents

that are necessary to maintain this action.  All motions shall comply with the Local Rules of Practice

of the Northern District, and it is further

      ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail.

Dated:March 16,2006

Thomas J. McAvoy
Senior, U.S. District Judge

3