**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
————————————————————————

**RICHARD J. HELLER,**

                      **Plaintiff,**                **3:05-CV-1581**

          **v.**


**CONSOLIDATED RAIL CORPORATION,**
**UNITED TRANSPORTATION UNION,**
**CSX TRANSPORTATION, U.S. EQUAL**
**EMPLOYMENT OPPORTUNITY COMMISSION,**
**and NORTHFOLK SOUTHERN CORPORATION.**

                   **Defendants.**
————————————————————————

**THOMAS J. McAVOY,**
**Senior United States District Judge**


### DECISION & ORDER

## I.  INTRODUCTION

Richard J. Heller ("Plaintiff") commenced this action pro se against five defendants seeking damages for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213.  Plaintiff also claims retaliation pursuant to §704(a) of Title VII, § 4(d) of the ADEA, and §§ 503(a) and (b) of the ADA.

On March 16, 2006, the Court issued a Decision and Order that, *inter alia,* dismissed the Equal Employment Opportunity Commission ("EEOC") from the case. See

3/16/06 Dec. & Ord., dkt. # 4.  On February 20, 2007, the Court granted Defendant United

Transportation Union's ("UTU") motion to dismiss the claims against it pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. See 2/20/07 Dec. & Ord., dkt. # 32.  The

Court found that the claims asserted against the UTU were barred by the applicable

statutes of limitation.  Id.

Presently before the Court are: (1) Defendants Consolidated Rail Corporation, CSX

Transportation, and Northfolk Southern Corporation's ("the Railroad Defendants") motion

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure to the dismiss the claims

against them, see Motion, dkt. # 30; and (2) Plaintiff's motion for reconsideration of the

Court's February 20, 2007 decision dismissing the claims against the UTU.  See Pltf.

Motion, dkt. # 33.

## III.    STANDARDS OF REVIEW

### a.   Reconsideration

"The standard for granting [a motion for reconsideration] is strict, and
reconsideration will generally be denied unless the moving party can point to
controlling decisions or data that the court overlooked-matters, in other
words, that might reasonably be expected to alter the conclusion reached by
the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995);
see also Polanco v. United States, 2000 WL 1346726, at *1 (S.D.N.Y.
September 19, 2000); Califano v. United States, 1998 WL 846779, at *1
(E.D.N.Y. September 4, 1998).  "The high burden imposed on the moving
party has been established in order to dissuade repetitive arguments on
issues that have already been considered by the court and discourage
litigants from making repetitive arguments on issues that have been
thoroughly considered by the court [and] to ensure finality and prevent the
practice of a losing party examining a decision and then plugging the gaps of
the lost motion with additional matters."  Nowacki v. Closson, 2001 WL
175239, *1 (N.D.N.Y. Jan. 24, 2001) (Munson, J.) (internal citations and
quotations omitted).  Reconsideration "is not a vehicle for relitigating old
issues, presenting the case under new theories, securing a rehearing on the
merits, or otherwise taking a 'second bite at the apple.' "  Sequa Corp. v.

GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998); see also Polanco, 2000 WL 1346726 at *1 (quoting Schrader, 70 F.2d at 256) (Reargument is not a vehicle to "advance new facts, issues or arguments not previously presented to the court."). The Northern District of New York "recognizes only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law to prevent manifest injustice." Nowacki, 2001 WL 175239, at *1 (quoting In re C-TC 9th Avenue Partnership, 183 B.R. 1, 3 (N.D.N.Y. 1995)).

U.S. v. Li, 2006 WL 2375475, at *1 (N.D.N.Y. 2006).

### b.  Rule 12(c)

When addressing a Rule 12(c) motion, the Court employs the same standard as for a Rule 12(b)(6) motion. Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d. Cir 2001).   On a Rule 12(b)(6) motion, the Court accepts as true all factual allegations in the complaint. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993).  "Further, the court should construe the complaint liberally and draw inferences from the plaintiff's allegations in the light most favorable to the plaintiff."  Tomayo v. City of N.Y., 2004 WL 137198, at * 5 (S.D.N.Y. Jan. 27, 2004)(citing Desiderio v. National Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 202 (2d Cir. 1999)).  Where the complaint is by a *pro se* litigant, in addition to construing the complaint liberally, the Court must also apply a more flexible standard in evaluating its sufficiency.  Taylor v. Dep't of Educ., 313 F3d 768, 776 (2d Cir. 2002).  However,

> "sweeping legal conclusions cast in the form of factual allegations" do not suffice to state a claim even at the Rule 12(b)(6) stage. 5A Charles Alan Wright *et al.,* FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990). "While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

Law Offices of Curtis V. Trinko, L.L.P. v. Bell Atlantic Corp., 309 F.3d 71, 74 (2d Cir.

3

2002).  Thus, the complaint must allege sufficient facts that would make the pleaded legal theories legally plausible. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1960 (2007); see also Iqbal v. Hasty, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007).

In deciding a Rule 12(b)(6) motion, review "is generally limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv., Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004)(citations omitted).  In addition, the Court may look to public records, including records of actions filed in other courts. Id. (citations omitted).   Dismissal is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Phillip v. Univ. of Rochester, 316 F.3d 291, 293 (2d Cir. 2003)(citation omitted), or where the complaint fails as a matter of law.  Phelps v. Kapnolas, 308 F.3d 180, 187 (2d Cir. 2002).

## III.  DISCUSSION

### a.  Reconsideration of the February 20, 2007 Decision & Order

In addressing the UTU's motion to dismiss, the Court waded through a morass of confusing, rambling, and disjointed allegations contained the Complaint and numerous exhibits to the Complaint in an effort to determine if Plaintiff had alleged sufficient factual allegations of discriminatory conduct by the UTU within the applicable statutes of limitation. See  3/16/06 Dec. & Ord. pp. 3-7.  The Court found that he had not. Id.   In deference to Plaintiff's pro se status, the Court also construed the Complaint as "asserting a breach of the duty of fair representation claim against the UTU" and analyzed whether, under the

facts alleged, such a claim was timely filed. See id. pp. 7-9.  The Court found that it was

not. Id.

It is difficult to ascertain what Plaintiff's argument is for reconsideration because his

arguments in support of reconsideration and in opposition to the Railroad Defendants' Rule

12(c) motion are contained in a single document consisting of disjointed, rambling,

conclusory, and seemingly overlapping arguments. See dkt. # 33.  It appears, however,

that the focus of Plaintiff's motion for reconsideration is that the Court overlooked Exhibit 6

to his Complaint.

Exhibit 6 to the Complaint is an April 21, 2003 Summary Order from the United

States Court of Appeals for the Second Circuit denying Plaintiff's petition for review from

the Final Decision of the Railroad Retirement Board ("RRB").  Compl. Ex. 6.  According to

the Summary Order, the RRB denied Plaintiff an annuity under the Railroad Retirement Act

of 1974 because he was not credited with the minimum 120 months of railroad service.  Id.

The Summary Order states: "Heller does not contest that he lacked the 120 months

required."  Id.   The Summary Order further provides:

> Substantial evidence supports the finding that Heller lacked 120 months'
> employment service: and no error of law undermines the RRB's order.
> Heller's primary argument on this appeal is that Conrail, his previous
> employer, illegally refused to return him to his job after he injured his spinal
> cord in a 1976 Conrail switch, and thus prevented him from accruing the
> necessary service credits.  Irrespective of the merits of Heller's quarrel with
> Conrail or with others, the Act allows no exception for a person in Heller's
> position.

Id.

While the Summary Order references a dispute between Plaintiff and Conrail or

others regarding his return to work, it does not provide any evidence or allegation of action

by the UTU within the applicable statutes of limitations.  Thus, the fact that the Court did

not reference Exhibit 6 in the text of the February 20, 2007 Decision & Order[1] does not

mean that the Court overlooked or ignored facts that would have changed the ultimate

decision on the UTU's motion.  Accordingly, the argument does not present a viable basis

for reconsideration.

The Court has also examined Plaintiff's other contentions to see if they indicate

conduct by the UTU with in the applicable statutes of limitations, and finds that they do not.

Therefore, Plaintiff's motion for reconsideration of the February 20, 2007 Decision & Order

is denied.

### b.  Railroad Defendants' Motion

The Railroad Defendants move to dismiss the employment discrimination claims

against them on the grounds that the claims are barred by the applicable statute of

limitations. To prosecute a discrimination claim under Title VII, the ADA or the ADEA in

New York State, a plaintiff must file a complaint with the EEOC within 300 days of the

alleged discriminatory event. 42 U.S.C. § 2000e-5(e) (Title VII); 42 U.S.C. § 12117(ADA);

Flaherty v. Metromail Corp., 235 F.3d 133, 136 (2d Cir. 2000);  Benjamin v. Brookhaven

Sci. Assocs., LLC, 387 F. Supp. 2d 146, 153 (E.D.N.Y. 2005).  "[E]ach incident of

discrimination and each retaliatory adverse employment decision constitutes a separate

actionable 'unlawful employment practice.'" Amtrak v. Morgan, 536 U.S. 101, 114 (2002).

Plaintiff alleges that the Railroad Defendants unlawfully discriminated or retaliated

against him when they refused to re-hire him after his July 19, 1976 work-related injury.

---

[1]It is referenced in footnote 4.

The Railroad Defendants assert that the allegations in Plaintiff's Complaint and attachments establish that Plaintiff was aware on April 23, 2002 that Conrail's physician would not qualify him as a conductor.  The Railroad Defendants argue that Plaintiff's discrimination claims accrued on April 23, 2002 and had to be filed with the EEOC by February 17, 2003 (300 days from April 23, 2002).  However, Plaintiff filed his EEOC complaint on June 4, 2003.

On the 24th page of Exhibit 8 to the Complaint,[2]  Plaintiff states in a handwritten document that on April 23, 2002 he "received a document dated April 8, 2002 from Conrail Dr. C. Ray Prible. Appendix - A-57 to A-58."  Compl., Ex. 8, p. 24.  He then describes "[t]his Conrail document, Appendix - A 57 to A 58" as "evidence of further criminal crime [*sic*], namely perjury."  Id. p. 25.

Throughout the Complaint and attachments, Plaintiff asserts that the Defendants relied upon false statements from their doctors to keep him out of work, deny him Railroad Retirement benefits, disqualify him for Social Security Disability benefits, and defeat his claim under the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.*[3]  In support of the instant motion, the Railroad Defendants have produced Appendix pages A-57 and A-58. The two pages are a letter from Conrail's Director of Medical Services, Dr. C. Ray Prible, to Plaintiff dated April 8, 2002. See Brown Decl. Ex. C.  In the letter, Dr. Prible states that,

---

[2]The page is marked as "Page 9" and contains a notation "A-86" within a circle.  The pages appears to be part of the appendix submitted on Plaintiff's petition to the Second Circuit for review from the Final Decision of the Railroad Retirement Board.

[3] After his injury, Plaintiff sought compensation by bringing a suit under the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.* (FELA).  See Heller v. Conrail, Civ. Case No. 76-3595 (E.D.Pa.), aff'd, 594 F.2d 854 (3d Cir. 1978).  Plaintiff contends that the employer paid its doctors and witnesses to lie while under oath resulting in a verdict against him. Compl. Ex. 1, p. 9.

based upon available medical information, he is unable to medically qualify Plaintiff as a Conductor.  Id.

Inasmuch as Plaintiff asserts that he received the letter from Dr. Prible on April 23, 2002, and the letter notifies Plaintiff that he would not be certified for re-employment, his claims of discriminatory refusal to rehire - whether based upon disability, age, retaliatory motive, or some other protected classification - necessarily accrued on  April 23, 2002. Thus, as the Railroad Defendants assert, a claim of discrimination had to be filed with the EEOC by February 17, 2003.   Since Plaintiff did not file his EEOC complaint until June 4, 2003, his discrimination claims against the Railroad Defendants are untimely.

## IV.    CONCLUSION

For the reasons discussed above, Plaintiff's motion for reconsideration of the Court's February 20, 2007 Decision and Order, dkt. # 33, is **DENIED**.

Defendants Consolidated Rail Corporation, CSX Transportation, and Northfolk Southern Corporation's motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure to the dismiss the claims against them, dkt. # 30, is **GRANTED**, and the claims against them are **DISMISSED**.

The Clerk of the Court is directed to close the file in this matter.

**IT IS SO ORDERED**.


DATED:   September 4, 2007

Thomas J. McAvoy
Senior, U.S. District Judge